IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Anna Gobble, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 11 C 6600 |
| ) | |
| Firstsource Advantage, LLC, a New York ) | |
| limited liability company, ) | |
| ) | |
| Defendant. ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Anna Gobble, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.  Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3.  Plaintiff, Anna Gobble ("Gobble"), is a citizen of the State of Virginia, from whom Defendant attempted to collect a delinquent consumer debt, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Firstsource Advantage, LLC ("Firstsource"), is a New York limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. From its offices in twelve states, including two offices in Illinois, Defendant Firstsource operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Firstsource was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Firstsource is authorized to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Firstsource conducts business in Illinois.

6. Moreover, Defendant Firstsource is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Firstsource acts as a debt collection agency in Illinois.

**FACTUAL ALLEGATIONS**

7. Ms. Gobble is a senior citizen, with limited assets and income, who fell behind on paying her bills. When Defendant Firstsource began trying to collect a consumer debt from Ms. Gobble, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant Firstsource's collection actions.

8. Accordingly, on September 30, 2010, one of Ms. Gobble's attorneys at LASPD informed Firstsource, in writing, that Ms. Gobble was represented by counsel, and directed Firstsource to cease contacting her, and to cease all further collection

activities because Ms. Gobble was forced, by her financial circumstances, to refuse to pay her unsecured debt.  Copies of this letter and fax confirmation are attached as Exhibit C.

9.      Nonetheless, Defendant Firstsource continued to call Ms. Gobble to attempt to collect a consumer debt from her, including, but not limited to, calls on October 4, 2010, October 11, 2010 and October 12, 2010, from telephone number 800-332-1962.

10.     Defendant Firstsource's collection actions complained of herein occurred within one year of the date of this Complaint.

11.     Defendant Firstsource's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692c(c) Of The FDCPA --
## Failure To Cease Communications And Cease Collections

12.     Plaintiff adopts and realleges ¶¶ 1-11.

13.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

14.     Here, the letter from Ms. Gobble's, agent/attorney, LASPD, told Defendant Firstsource to cease communications and cease collections (Exhibit C).  By continuing to communicate regarding this debt and demanding payment, Defendant Firstsource violated § 1692c(c) of the FDCPA.

15. Defendant Firstsource's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

16. Plaintiff adopts and realleges ¶¶ 1-11.

17. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. <u>See</u>, 15 U.S.C. § 1692c(a)(2).

18. Defendant Firstsource knew that Ms. Gobble was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing (Exhibit <u>C</u>), that she was represented by counsel, and had directed Defendant Firstsource to cease directly communicating with her. By directly calling Ms. Gobble, despite being advised that she was represented by counsel, Defendant Firstsource violated § 1692c(a)(2) of the FDCPA.

19. Defendant Firstsource's violations of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Anna Gobble prays that this Court:

1. Find that Defendant Firstsource's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Gobble, and against Defendant Firstsource, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Anna Gobble, demands trial by jury.

> Anna Gobble,
>
> By: /s/ David J. Philipps
> One of Plaintiff's Attorneys

Dated: September 21, 2011

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com